NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SANDY LEE HUNT, *Petitioner/Appellant,*

*v.*

STEPHANIE DAY, *Intervenor/Appellee.*

No. 1 CA-CV 15-0436 FC
FILED 03-22-2016

Appeal from the Superior Court in Yuma County
No. S1400DO200800058
The Honorable John P. Plante, Judge

**VACATED AND REMANDED**

COUNSEL

Mary Katherine Boyte, P.C., Yuma
By Mary K. Boyte Henderson
*Counsel for Petitioner/Appellant*

Torok Law Office P.L.L.C., Phoenix
By Gregory T. Torok
*Counsel for Intervenor/Appellee*

_____

**MEMORANDUM DECISION**

_____

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

_____

**P O R T L E Y**, Judge:

¶1 Sandy Lee Hunt ("Mother") appeals the order granting grandparent visitation to her mother, Stephanie Day ("Grandmother"). For the following reasons, we vacate the order and remand the case back to the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2 Mother and her four children moved into a house adjacent to Grandmother's home in 2009 and stayed there until 2011.[1] During their stay, Grandmother and her husband saw the children regularly, had them spend the night, had them help around the house, and took them on vacations. She continued to see her grandchildren after they moved, but less frequently.

¶3 In early 2012, Mother and Grandmother had a "falling out" after Mother contacted her biological father without first telling Grandmother. Their relationship deteriorated and, ultimately, they stopped communicating. Mother also prevented Grandmother from having contact with the children.

¶4 Grandmother filed an action seeking an order of visitation with her grandchildren under Arizona Revised Statutes ("A.R.S.") section 25-409.[2] After a bench trial, the trial court entered an order granting Grandmother visitation with her grandchildren, and Mother appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

_____

[1] Mother was divorced, and her ex-husband, the father of the children, had his parental rights terminated in 2010.
[2] We cite to the current version of the statute unless otherwise noted.

**DISCUSSION**

¶5         Mother argues the trial court abused its discretion by granting visitation to Grandmother.  She claims the court failed to give any "special weight" to her determination that visitation was not in the best interests of her children, failed to give "significant weight" to her voluntary agreement to permit visitation, and failed to make specific findings pursuant to A.R.S. § 25-403.

¶6         We review a trial court's decision about grandparent visitation for an abuse of discretion.  *McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6, 33 P.3d 506, 509 (App. 2001).  We, however, review de novo issues of statutory interpretation and constitutional law.  *Id.*

¶7         Parents have a fundamental interest to the "care, custody, and control of their children" under the Fourteenth Amendment to the Constitution.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000).  Moreover, we presume that a fit parent will act in the best interests of his or her children, *id.* at 68, including deciding whether to cultivate a bond between a grandparent and grandchildren.  *Id.* at 70.  However, if a parent's decision regarding visits with a grandparent becomes subject to judicial review, courts must accord "at least some special weight" to that parent's own determination.  *Id.*

**A. Special Weight**

¶8         Mother argues the court failed to give "special weight" to her determination that visitation was not in the best interests of the children. We agree.

¶9         In one of our first opinions addressing a grandparent's right to visitation after *Troxel*, we stated that trial courts should conduct the following two-step inquiry:

> First, the court should recognize and apply a [rebuttable] presumption that a fit parent acts in his or her child's best interest in decisions concerning the child's care, custody, and control, including decisions concerning grandparent visitation. . . . Second, a trial court must consider and give "some special weight" to a fit parent's determination of whether visitation is in the child's best interest. . . .

3

*McGovern*, 201 Ariz. at 177, ¶¶ 17, 18, 33 P.3d at 511 (citations omitted). Although the analysis was straightforward, we did not, like *Troxel*, define "special weight," but said it could be resolved "on a case-by-case basis." *Id.* at 178, ¶ 18, 33 P.3d at 512 (citation omitted).

**¶10**        In 2012, the Arizona Legislature repealed A.R.S. § 25-409, which had been titled "Visitation rights of grandparents and great-grandparents," and did not have a "special weight" provision. 2012 Ariz. Sess. Laws, ch. 309, § 19 (2d Reg. Sess.). It was replaced by a statute entitled "Third party rights," *id.* at § 20, which added a subsection which explicitly incorporates the term "special weight." A.R.S. § 25-409(E). The subsection provides, in relevant part, that:

> In deciding whether to grant visitation to a third party, the court shall give *special weight* to the legal parents' opinion of what serves their child's best interests and consider all relevant factors including:
>
> 1. The historical relationship, if any, between the child and the person seeking visitation.
>
> 2. The motivation of the requesting party seeking visitation.
>
> 3. The motivation of the person objecting to visitation.
>
> 4. The quantity of visitation time requested and the potential adverse impact that visitation will have on the child's customary activities.[3]

A.R.S. § 25-409(E) (emphasis added).

**¶11**        The new statute did not, however, define "special weight." The term remained undefined until early 2016 when we decided *Goodman v. Forsen*, ___ Ariz. ___, ___ P.3d ___, 1 CA-CV 14-0844, 2016 WL 349699 (Ariz. App. Jan. 28, 2016). In *Goodman*, we concluded that "special weight" means "that the parents' determination is controlling unless a parental

---

[3] The subsection has a fifth factor, which requires the court to consider "the benefit in maintaining an extended family relationship," but only if one or both of the parents are deceased. A.R.S. § 25-409(E)(5).

decision clearly and substantially impairs a child's best interests." *Id.* at *3, ¶ 13. Specifically, we stated that:

> Our interpretation of A.R.S. § 25-409(E) recognizes that the "special weight" requirement demands robust deference to fit parents' opinions concerning their children's best interests. Consistent with the constitutional right to parent, the legislature has provided nonparents with fewer rights than parents. Assuming parental fitness, the analysis required under § 25-409 is not a typical balancing test in which the court's own determination of best interests is controlling – we interpret "special weight" to mean that the parents' determination is controlling unless a parental decision clearly and substantially impairs a child's best interests. Even if arbitrary, the parents' determination is the primary factor in the analysis, and the burden is on the person seeking visitation to demonstrate that denial of visitation would clearly and substantially impair the child's interests.
>
> That is not to say that a fit parent's decision must always be upheld. . . . But a nonparent who seeks visitation carries a substantial burden to prove that the parent's decision is harmful. It is not enough merely to show that the nonparent stands *in loco parentis* to the child. Nor is it enough merely to show that a reasonable person could disagree with the parent's decision to deny visitation. The court's role is not to engineer what it perceives to be the optimal situation for the child, but to determine whether compelling circumstances warrant state interference with a fit parent's decisions. The nonparent must prove that the child's best interests will be substantially harmed absent judicial intervention.

*Id.* at *3, 4, ¶¶ 13, 14 (internal quotation marks and citations omitted).

**¶12** Here, the court concluded Mother was a fit parent. The court analyzed the § 25-409 factors, including the fact that the children and Grandmother had a close relationship, and had a mutual desire to see each other. The court, however, recognized that Mother resented her mother based on childhood events, which were "legitimate things to be angry [about]," but not enough to prevent the children from seeing their Grandmother. Consequently, the court granted Grandmother one weekend per month visits with her grandchildren.

**¶13** The record reveals the hearing focused on the history between Mother and Grandmother. In ruling that their dispute was insufficient to prevent the children from visiting with their Grandmother, the court seemed to discount Mother's concerns that Grandmother's husband admitted to physically disciplining the children against her wishes, as well as her concerns that he drank too much around the children. Although the visitation order directs no alcohol consumption or corporal punishment during the visits, both factors are relevant because they impact the "special weight" the court must give to Mother's opinion about what is in the best interests of her children.

**¶14** Because the court rejected Mother's opinion and did not have the benefit of the *Goodman* definition of "special weight," including the impact of physically disciplining the children against Mother's wishes, *Goodman*, 1 CA-CV 14-0844, 2016 WL 349699, at *5, ¶ 17, we vacate the order of visitation and remand the matter for the court to consider the evidence in light of the now-defined special weight to give to Mother's opinion, and whether Grandmother proved that the children's best interests would suffer "clear and substantial" harm without judicial intervention. *See McGovern*, 201 Ariz. at 179, ¶¶ 25, 26, 33 P.3d at 513 (remanding back to the trial court "to conduct a further evidentiary hearing" in light of *Troxel* and the court's newly articulated test for determining grandparent visitation) (citation omitted); *see also Goodman*, 1 CA-CV 14-0844, 2016 WL 349699, at *5, ¶ 18 (remanding to "permit the court to reweigh the evidence under the [newly articulated] test").

**B. Significant Weight**

**¶15** Mother also contends the "court erred as a matter of law by failing to give significant weight to [her] voluntary agreement to permit visitation." We disagree.

**¶16**      In *Troxel*, after noting that many states expressly provide that courts may not award visitation unless a parent has unreasonably denied visits to third parties, like grandparents, 530 U.S. at 71, the Court criticized the trial court's "failure to accord significant weight" to the mother's offer to give "meaningful visitation to the [grandparents]," even if once a month was less than what the grandparents were seeking. *Id.* at 60-61, 72.   In *McGovern*, we followed that direction when we reiterated that a trial court should give "significant weight" to a "parent's voluntary agreement to some visitation, albeit not as much visitation as the grandparent desires." 201 Ariz. at 177-78, ¶ 18, 33 P.3d at 511-12.

**¶17**      Here, Mother had not, and did not, agree to any visitation. She sent Grandmother a text message in May 2013, stating, "I would love for my children to spend time with their family," but noted that unless Grandmother and her husband "s[at] down with a counse[lor]," with Mother, and Mother's husband to "discuss the expectations of the children's relationship with [them]," there would be no contact.  The text message did not offer or afford Grandmother any time with the children. Instead, and as the court found, Mother's decision "condition[ed] [visitation] upon counseling."   Consequently, the court's determination that Mother was not willing to allow unconditional visits with the children was not legal or factual error.

**C. Failure to Make Specific Findings Pursuant to A.R.S. § 25-403**

**¶18**      Finally, and relying on *Downs v. Scheffler*, Mother argues the trial court erred because it was required to "consider and make findings regarding the statutory factors of A.R.S. § 25-403."   206 Ariz. 496, 80 P.3d 775 (App. 2003).  We disagree.

**¶19**      *Downs* was not a grandparent visitation case, but one where the paternal grandmother wanted legal custody of her grandchild.  *Id.* at 497-98, ¶¶ 1-5, 80 P.3d at 776-77.  Because custody, now known as legal decision-making, requires the court to make factual findings regarding how the decision would further the best interests of the child under A.R.S. § 25-403, we reversed the ruling and remanded the case for further proceedings, including addressing whether visitation was appropriate, assumedly if custody was not granted.  *Id.* at 500, ¶ 12, 80 P.3d at 779.  Because this is not a custody case, and there was no request for factual findings under Arizona Rule of Family Law Procedure 82 before trial, the court was not required to make specific factual findings under § 25-409 beyond those made in the record.

**CONCLUSION**

¶20     Based on the foregoing, we vacate the ruling granting Grandmother visitation with the children and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: RT